Filed in Hall District Court
*** EFILED ***
Case Number: D08Cl160000098
Transaction ID: 0003324346
Filing Date: 02/01/2016 05:14:27 PM CST

IN THE DISTRICT COURT OF HALL COUNTY, NEBRASKA

| | |
|---|---|
| LACIE McGEE, ) | Case No. |
| ) | |
| Plaintiff ) | COMPLAINT, |
| ) | DEMAND FOR JURY |
| vs. ) | and PRAECIPE |
| ) | |
| GGNSC GRAND ISLAND ) | |
| LAKEVIEW LLC d/b/a GOLDEN ) | |
| LIVING CENTER – GRAND ISLAND ) | |
| LAKEVIEW ) | |
| ) | |
| Defendant. ) | |

COMES NOW the Plaintiff, by and through her attorney, and for her complaint and causes of action against the Defendant states as follows:

1. This is an action seeking redress for the violation of the rights guaranteed to the plaintiff by the Nebraska Fair Employment Practices Act, the public policy and common law of the State of Nebraska and Title VII of the Civil Rights Act of 1964, as amended.

2. Jurisdiction of this Court is invoked pursuant to the Nebraska Fair Employment Practices Act. This Court has concurrent jurisdiction over the federal claims contained herein.

3. Plaintiff has fulfilled the administrative perquisites to filing the instant complaint. The Nebraska Equal Employment Opportunity Commission found reasonable cause to believe that the Plaintiff was subjected to unlawful on the job sexual harassment during her tenure of employment with the Defendant. The instant action is timely.

4. At all times relevant, the plaintiff was a resident of Grand Island, Hall County, Nebraska.

EXHIBIT A

1

5. The Defendant is a foreign corporation authorized to do business in and was doing business in the State of Nebraska at all times alleged herein. The defendant is an employer within the meaning of the Nebraska Fair Employment Practices Act and Title VII of the Civil Rights Act, as amended.

6. Plaintiff is a female.

7. Plaintiff had been employed by the Defendant at their Grand Island, Nebraska nursing home in central supply since December, 2010.

8. For multiple months commencing in approximately June, 2014, plaintiff was subjected to egregious and continual sexual and gender based harassment by Defendant's maintenance supervisor, Stanford Roy Miller.

9. The unlawful harassment and gender based discrimination included unwelcomed physical touch of Plaintiff's person, sexually provocative words, text messages, innuendos, comments, name calling, gestures, sexual propositions and requests for sexual favors or sexual contact. Mr. Miller treated other female employees of the Defendant in the same or similar manner as he treated the Plaintiff. All of the aforementioned conduct was unwelcomed, egregious and was sufficiently patterned or pervasive to create a sexually hostile work environment and/or gender based hostile work environment.

10. Other victims of Miller's sexual harassment reported the unlawful conduct to the Defendant. Defendant's Executive Director, Gerald (Dean) Dragon threatened the female victim with termination if she complained about the harassment again. Another female employee submitted written complaint(s) about the harassment to the Defendant's management level employees; no timely action was taken. Other female victims contacted corporate Human Resources regarding the unlawful conduct; timely

remedial action did not occur. Plaintiff showed the egregious sexually offensive texts messages to Brenda Knutson, Assistant Vice President, in August, 2014. Notwithstanding the same, defendant failed to take prompt and/or appropriate remedial action with regards to Mr. Miller's unlawful conduct towards the plaintiff and/or other female employees.

11. After Plaintiff engaged in one or more protected activities, she was demoted from manager to a non-management position in supply. While she did not suffer a pay reduction, the demotion adversely affected the terms, conditions and privileges of Plaintiff's employment as she was required to work holidays and weekends and was no longer in control of her work schedule.

12. In November, 2014, Defendant's Executive Director, Sally Beney, discussed with Plaintiff her allegedly untimely report of harassment and insinuated the harassment was her fault.

13. On or about January 19, 2015, Ms. Beney disciplined Plaintiff for allegedly giving false information to a charge nurse. Plaintiff was given the information by the charge nurse and the information was correct. The Defendant's reason for the write up was pretext for discrimination and/or retaliation.

14. In February, 2015, Plaintiff was denied incentive pay for extra hours she worked. Plaintiff filed an internal grievance regarding the unpaid wages and filed a complaint with the Department of Labor. Only after the DOL got involved did the Defendant pay the Plaintiff for wages she was due and owing.

15. In February, 2015, Plaintiff informed Ms. Beney that a patient's wonder guard had expired, was not working properly and the patient was at risk for harm due to the malfunctioning equipment. No action was taken. Plaintiff then informed Ms.

Knutson about the malfunctioning wonder guard, other safety issues and concerns about keeping residents safe and that she was going to follow-up with the proper people. In early February, 2015, Plaintiff contacted Nebraska's Department of Health and Human Services regarding resident safety issues.

16. Plaintiff also reported to Defendant's management level employees that Rebecca Case, a nurse, was making false and/or fraudulent entries on residents' charts. Specifically, the Plaintiff reported Nurse Case for failing to make proper assessments of medicare residents but made false entries on the charts indicating that the assessments had been completed.

17. Plaintiff's request for a transfer was denied by Ms. Beney after she engaged in the protected activities noted above.

18. Due to the egregious and retaliatory working conditions and hostile work environment, Plaintiff submitted her two weeks resignation notice on March 6, 2015. Defendant further retaliated against the Plaintiff by terminating her employment on March 9, 2015 and by failing to rehire her for subsequent positions she sought with the Defendant.

19. The working conditions were sufficiently patterned and/or pervasive to create a retaliatory hostile working environment.

20. As a result of the unlawful conduct, Plaintiff suffered emotional distress, compensatory damages, has incurred lost wages and the value of job related benefits and will continue to incur such damages into the future.

21. At all times alleged herein, the defendant's employees, agents, supervisors and management level employees were acting in the scope and course of their employment with the Defendant.

22. At all times alleged herein, Defendant was aware of its duty and obligations under the aforementioned statutes. The Defendant's conduct was willful and/or reckless; punitive damages are appropriate.

## COUNT I

Plaintiff incorporates paragraphs 1 through 22 as if fully set forth herein.

23. During the course of her employment with the Defendant, Plaintiff was sexually harassed and subjected to a sexually hostile work environment. Such conduct is violative of the Nebraska Fair Employment Practices Act and Title VII of the Civil Rights Act, as amended.

24. As a direct, proximate result of Defendant's aforementioned illegal conduct, Plaintiff has sustained compensatory damages, incurred lost wages and the value of job related benefits and will likely incur said damages into the future.

25. Due to the willful and/or reckless conduct of the Defendant, punitive damages are appropriate under federal law.

## COUNT II

Plaintiff incorporates paragraphs 1 through 25 as if fully set forth herein.

26. After Plaintiff engaged in one or more protected activities regarding the reporting and/or opposition of sexual harassment and/or gender discrimination, she was retaliated against in the terms, conditions and privileges of her employment. Said retaliatory conduct is violative of the Nebraska Fair Employment Practices Act and Title VII of the Civil Rights Act, as amended.

27. As a direct, proximate result of Defendant's aforementioned illegal conduct, Plaintiff has sustained compensatory damages and incurred lost wages and the value of job related benefits and will likely incur said damages into the future.

28. Due to the willful and/or reckless conduct of the Defendant, punitive damages are appropriate under federal law.

## COUNT III

Plaintiff incorporates paragraphs 1 through 28 as if fully set forth herein.

29. After Plaintiff engaged in one or more protected activities regarding the reporting and/or opposition of sexual harassment and/or gender discrimiantion, she was subjected to a retaliatory hostile work environment. Said retaliatory hostile work environment is violative of the Nebraska Fair Employment Practices Act and Title VII of the Civil Rights Act, as amended.

30. As a direct, proximate result of Defendant's aforementioned illegal conduct, Plaintiff has sustained compensatory damages and incurred lost wages and the value of job related benefits and will likely incur said damages into the future.

31. Due to the willful and/or reckless conduct of the Defendant, punitive damages are appropriate under federal law.

## COUNT IV

Plaintiff incorporates paragraphs 1 through 31 as if fully set forth herein.

32. During the course of her employment with the Defendant, Plaintiff was subjected to gender based discrimination. Said discriminatory conduct is violative of the Nebraska Fair Employment Practices Act and Title VII of the Civil Rights Act, as amended.

33. As a direct, proximate result of Defendant's aforementioned illegal conduct, Plaintiff has sustained compensatory damages and incurred lost wages and the value of job related benefits and will likely incur said damages into the future.

34.     Due to the willful and/or reckless conduct of the Defendant, punitive damages are appropriate under federal law.

## COUNT V

Plaintiff incorporates paragraphs 1 through 34 as if fully set forth herein.

35.     During the course of her employment with the Defendant, Plaintiff was subjected to a gender based hostile work environment. Such conduct is violative of the Nebraska Fair Employment Practices Act and Title VII of the Civil Rights Act, as amended.

36.     As a direct, proximate result of Defendant's aforementioned illegal conduct, Plaintiff has sustained compensatory damages and incurred lost wages and the value of job related benefits and will likely incur said damages into the future.

37.     Due to the willful and/or reckless conduct of the Defendant, punitive damages are appropriate under federal law.

## COUNT VI

Plaintiff incorporates paragraphs 1 through 37 as if fully set forth herein.

38.     Defendant retaliated against the Plaintiff after she engaged in protected activities involving wage and hour violations and/or reporting abuse, neglect or other safety issues involving vulnerable residents and/or reporting and/or opposing fraudulent entries on residents' charts and/or medicare fraud. Said conduct is violative of the public policy and/or common law of the State of Nebraska.

39.     As a direct, proximate result of Defendant's aforementioned illegal conduct, Plaintiff has sustained compensatory damages and incurred lost wages and the value of job related benefits and will likely incur said damages into the future.

40. Due to the willful and/or reckless conduct of the Defendant, plaintiff requests any and all damages available under law.

**WHEREFORE,** Plaintiff respectfully requests that this Court assume jurisdiction herein as to count alleged herein and grant the following relief:

a. Declare the conduct of the Defendant to be violative of the rights of the Plaintiff under the appropriate state or federal law or laws;

b. Direct the Defendant to place the plaintiff in the position(s) which she previously held with back pay, all the job related benefits and job related increments to which she is entitled, including interest thereon, or to find that reinstatement is not appropriate and to award her front pay according to law;

c. Award the Plaintiff prejudgment interest in an amount to be determined by the jury or the court;

d. Award the Plaintiff all other damages allowed under law, including, but not limited to, compensatory damage;

e. Award the Plaintiff punitive damages;

f. Enjoin the Defendant from any further discrimination or retaliation against the Plaintiff;

g. Award the Plaintiff costs and reasonable attorney's fees and such other and further relief as the Court deems just and reasonable and appropriate to correct the wrong done to the Plaintiff.

                                      LACIE McGEE, Plaintiff

                                      s/Kathleen M. Neary
                                      Kathleen M. Neary  NSBA 20212
                                      POWERS LAW
                                      411 South 13th Street, Suite 300

Lincoln, NE 68508
(402) 474-8000

DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial in Hall County, Nebraska

s/Kathleen M. Neary
Kathleen M. Neary  NSBA 20212

PRAECIPE

To The Clerk of the District Court:

Please issue summons for service upon the Defendant's registered agent via certified mail, return receipt requested:

GGNSC Grand Island Lakeview LLC

Registered Agent:  CSC-Lawyers Incorporating Service Company
Suite 1900
233 South 13th Street
Lincoln, NE 68508

s/Kathleen M. Neary
Kathleen M. Neary  NSBA 20212

| | | |
|---|---|---|
| Image ID:<br>D00069070D08 | **SUMMONS** | Doc. No.   69070 |

A

Grand Island     NE 68801

Lacie McGee v. GGNSC Grand Island Lakeview LLC

Case ID: CI 16     98

TO:  GGNSC Grand Island Lakeview LLC
DBA: Golden Living Center-GI Lakeview

**FILED BY**
Clerk of the Hall District Court
2016

You have been sued by the following plaintif

    Lacie McGee

Plaintiff's Attorney:     Kathleen M Neary
Address:                  411 S. 13th St   Sui
                          Lincoln, NE 68508

Telephone:                (402) 474-8000

A copy of the complaint/petition is attached
appropriate response must be served on the p
the clerk of the court within 30 days of ser
you fail to respond, the court may enter jud
complaint/petition.

Date: FEBRUARY 4, 2016     BY THE COURT:

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMC
COMPLAINT/PETITION ON:

    GGNSC Grand Island Lakeview LLC
    CSC-Lawyers Incorporating Serv Cc
    233 So 13th Street, Suite 1900
    Lincoln, NE 68508

Method of service:  Certified Mail

You are directed to make such service withi
and file with the court clerk proof of serv
receipt is received or is available electrc



**SERVICE RETURN**   Doc. No. 69070

HALL DISTRICT COURT
111 West First, Suite 4
Grand Island       NE 68801

**FILED**

FEB 1 6 2016

To:
Case ID: CI 16    98  McGee v. GGNSC Grand Island Lakeview LLC

MARIE BENDIXEN
CLERK OF DISTRICT COURT

**SENDER:**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X _____ ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery 2-8-16

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

1. Article Addressed to:
   GGNSC Grand Island
   Lakeview LLC
   CSC-Lawyers Inc Serv
   233 So 13, #1900
   Lincoln NE 68508

3. Service Type
   ☒ Certified Mail  ☐ Priority Mail Express
   ☐ Registered      ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label)
   7015 1730 0000 8520 6740

PS Form 3811, July 2013      Domestic Return Receipt

Date: _____   BY: _____
                            (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail
TO THE PARTY: GGNSC Grand Island Lakeview LLC

At the following address: CSC - Lawyers Incorporating Service Co., 233 South 13, #1900, Lincoln NE 68508

on the 4th day of February 2016 as required by Nebraska state law.

Postage $ 6.79     Attorney for: Lacie McGee, Plaintiff

The return receipt for mailing to the party was signed on February 8, 2016

To: GGNSC Grand Island Lakeview LLC        From: Kathleen M Neary
    CSC-Lawyers Incorporating Serv Co            411 S. 13th St   Suite 300
    233 So 13th Street, Suite 1900               Lincoln, NE 68508
    Lincoln, NE 68508



000377921D08

**RETURN RECEIPT & RETURN TO COURT**